NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| CHANNEL CENTENO et al., | No. 17-16830 |
|---|---|
| Plaintiffs-Appellees, | D.C. No. 1:16-cv-00653-DAD-SAB |
| v. | |
| CITY OF FRESNO et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted August 15, 2018
San Francisco, California

Before:  SCHROEDER, SILER,[**] and GRABER, Circuit Judges.

In this action brought by the decedents of Freddy Centeno against Fresno

police officers Felipe Miguel Lucero and Zebulon Price and others, Defendants

Lucero and Price timely appeal the district court's denial of qualified immunity

and the court's denial of summary judgment on a state-law wrongful death claim.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, Jr., Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Reviewing de novo, *Kramer v. Cullinan*, 878 F.3d 1156, 1161 (9th Cir. 2018), we hold that Defendants[1] are entitled to qualified immunity but we decline to reach the state-law claim.

1. Defendants are entitled to qualified immunity. At the time that Defendants shot Centeno, it was clearly established that officers may not use deadly force to prevent a suspect's escape unless they have "probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11 (1985). It was far from clearly established, however, that officers may not employ deadly force when a suspect refuses to comply with orders and pulls a small black object, which officers reasonably believe to be a handgun, from his pocket. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). Existing precedent did not give fair warning to Defendants that their conduct was unconstitutional.

Defendants reasonably believed that Centeno was armed. A credible caller told dispatch that the suspect was armed with a handgun, and dispatch passed this information along to the responding officers, including Defendants. Centeno's

---

[1] For simplicity, we refer throughout this disposition to Officers Lucero and Price as "Defendants."

conduct reasonably caused Defendants to fear for their own safety. While facing the officers, Centeno pulled a small black object from his shorts pocket—where the caller had stated that he was carrying his weapon—after Defendants instructed Centeno to get on the ground. *See Cruz v. City of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014) ("It would be unquestionably reasonable for police to shoot a suspect in Cruz's position if he reaches for a gun in his waistband, or even if he reaches there for some other reason."); *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013) ("If the person is armed—or reasonably suspected of being armed—a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat."). We reverse the district court's denial of qualified immunity to Defendants Lucero and Price.

2. We lack pendent appellate jurisdiction over the district court's denial of summary judgment on Plaintiffs' state-law wrongful death claim, because that claim is not "inextricably intertwined" with the qualified immunity claim properly before us. *Kwai Fun Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004).

**REVERSED in part and REMANDED.**